## DANIEL TUTTLE *vs.* HENRY TUTTLE.

In 1814, A. made a note to B., his brother, promising to pay him $100, "as a legacy, to be paid at the decease of T.," the father of A. and B., who died in 1820: From 1802 till 1845, B. was out of the Commonwealth, and his place of residence was unknown to his friends: The note was put into the hands of a third person, who kept it till 1845, when B. returned, and was then first informed, by A., of the existence of the note: Between July and December 1845, A. paid to B., on the note, different sums, amounting, in the whole, to $100, which were intended to be in full, and were accepted by B. in discharge of all claim by reason of the note: Before the last payment was made, B. had claimed interest, and had left the demand with an attorney for collection; but A. had refused to pay interest: B. afterwards brought an action against A. to recover interest from the time of T.'s death, when the note was payable. *Held,* that the acceptance of the principal sum by B., in discharge of the note, was a compromise of a doubtful claim, made on sufficient consideration, and was binding on B.; and that the action could not be maintained.

ASSUMPSIT on this promissory note: "West Springfield, April 20 1814. For value received, I promise to pay Daniel Tuttle one hundred dollars, as a legacy, to be paid at the decease of my honored father, Titus Tuttle.

Henry Tuttle.

Test. Luke Parsons."

The defendant filed, with his plea of *non assumpsit,* a specification of payment and discharge, in defence.

At the trial in the court of common pleas, before *Wells,* C. J. the defendant, having possession of the note declared on, produced it, pursuant to notice given him, by the plaintiff, so to do. And there was evidence that the defendant obtained possession of the note before the payments, hereinafter stated, were made.

It was shown, in evidence, that the parties to the action were sons of Titus Tuttle, of West Springfield, who died in the year 1820: That the plaintiff left his father's house in 1802, and did not return until the summer of 1845, and that he had, during most of that time, and for thirty years past, lived in Canada; but there was no evidence to show at what place he had resided, or that his friends had any knowledge of his residence: That when said note was made, it was deposited in the hands of Luke Parsons, the attesting witness

thereto, and that it remained in possession of his family until August 1845, when the defendant obtained it, at the request of the plaintiff; but there was no evidence that the plaintiff ever knew of its existence, until the defendant informed him thereof, on his return from Canada, or that the defendant or said Parsons ever took any measures to give him notice of its existence, or that any effort to give him such notice would have been successful.

The defendant gave evidence of payments made by him, on the note, at different times, beginning in August 1845, and ending in November 1845, and amounting in the whole to one hundred dollars, the principal sum for which the note was given; and he also offered evidence that these payments were intended to be in full, and were accepted by the plaintiff in discharge of all claim by reason of the note; that the plaintiff, before the last payment was made, had claimed interest, and had left the demand with an attorney, for collection, and that the defendant refused to pay interest.

There was no evidence that the defendant ever objected to making payment of the principal of the note; and he gave evidence that he, from the time when the plaintiff first had knowledge of the existence of the note, had always been able to pay the principal, and had urged the acceptance of it faster than the plaintiff was willing to receive it; and that the settlement was made with full knowledge of all the facts.

The judge ruled that, "by the terms of the note, interest was due upon it from the time of the death of Titus Tuttle, in 1820, and that an acceptance of the principal sum, as above, though intended and agreed to be in full discharge of all claim upon it, would not constitute a defence to this action."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the judge's ruling.

*R. A. Chapman*, for the defendant. The note is not, in terms, on interest. It was not a contract, until the defendant informed the plaintiff of its existence, and the plaintiff assented to it; and from that time the defendant was ready

and desirous to pay it.   Besides; after payment of the principal, an action will not lie for the interest.   *Stevens* v. *Barringer*, 13 Wend. 639.   See also *Du Belloix* v. *Lord Waterpark*, 1 Dowl. & Ryl. 16.   *M'Call* v. *Turner*, 1 Call, (2d ed.) 115.   *Dodge* v. *Perkins*, 9 Pick. 368.   *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1.   Chit. on Bills, (10th Amer ed.) 679.

The putting of the note, by the defendant, into the plaintiff's hands, was the same as putting money into his hands; and no interest can be recovered in such case, until after a demand.   See 2 Kent Com. (3d ed.) 437.   *Grover* v. *Grover*, 24 Pick. 261.

It was, to say the least, a matter of doubt whether the defendant was liable for interest, and the adjustment of a doubtful claim is a good consideration for a promise or for a discharge.   *Barlow* v. *Ocean Ins. Co.* 4 Met. 270.

*J. Wells*, for the plaintiff.   The defendant obtained the note from Parsons for the plaintiff, and retained it for the plaintiff.   It became a contract, on delivery to Parsons; as every party is presumed to accept what is for his benefit.   An express promise to pay interest is not necessary, in order to make interest recoverable.   See *Calton* v. *Bragg*, 15 East, 226.   *Meech* v. *Smith*, 7 Wend. 315.   *Reab* v. *M'Alister*, 8 Wend. 109.   Interest is due on promissory notes; Chit. Con. (5 Amer. ed.) 644; and the instrument in suit is a promissory note.   Story on Notes, §§ 27, 40.   Bayley on Bills, (1st Amer. ed.) 14.

Interest is due, in this case, from the time of Titus Tuttle's death, when the note was payable by its terms.   *Hellier* v. *Franklin*, and *Kennerly* v. *Nash*, 1 Stark. R. 291, 452. *Van Giesen* v. *Van Houten*, 2 South. 822.   *Powell* v. *Guy*, 3 Dev. & Bat. 70.   *Adams* v. *Cordis*, 8 Pick. 260.   *Miller* v. *Lord*, 11 Pick. 11.   *Barnard* v. *Bartholomew*, 22 Pick. 291.   2 Stephen's Com. 148.

Payment of part, in satisfaction of the whole, is not a discharge.   *Brooks* v. *White*, 2 Met. 283, and cases there cited.   1 Leigh's Nisi Prius, 133.

There has been no laches, on the part of the plaintiff, which legally impairs his claim to interest.  See *Winsor* v. *Savage*, 9 Met. 346.  If there has been any laches in this case, it has been on the part of the defendant, who should have looked up his creditor.

Legacies bear interest, although payment is impossible. 2 Dane Ab. 216.  2 Williams on Executors, (1st ed.) 876 *& seq.*  2 Bl. Com. 513, 514.  And a note given for a legacy, as this was, is subject to all the incidents of a legacy.

The payment of the principal does not bar an action for the interest.  *Higgins* v. *Sargent*, 2 Barn. & Cres. 352, per Holroyd, J.  *The People* v. *County of New York*, 5 Cow. 331.  *Fishburne* v. *Sanders*, 1 Nott & M'Cord, 242.  *Fake* v. *Eddy*, 15 Wend. 76.

DEWEY, J.  In the opinion of the court, the acceptance by the plaintiff of the principal sum due on the note, with the understanding that the same was to be in full discharge of all claim on his part upon it, would constitute a good defence to this action.  Without impugning the general principle, that upon an express agreement to pay a specific sum of money, a subsequent agreement by the promisee, without any new consideration, to receive a less sum, in money, in discharge of such promise, would constitute no legal defence in a suit for the balance unpaid ; and without entering into the consideration of the somewhat difficult question, whether, under the circumstances of the present case, the plaintiff could, if the principal had been unpaid, in an action at law for the recovery of the principal of the note, have recovered interest from the time the note became payable ; the court are clearly of opinion that the facts of the present case, as admitted, or offered to be proved, would present a proper case for litigation, and a question of so much doubt and uncertainty as to the issue, that the promisee of the note might well deem it for his pecuniary interest to accept the payment of the principal sum in full discharge of the note, rather than to incur the expense of litigation.  Such agreement to accept the principal, if made under circumstances like the present, and an actual

acceptance of the same in pursuance thereof, would constitute a good defence to the present action.

*New trial in this court.*